## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**TIFFANY ADAMS, on behalf of herself**
**and those similarly situated,**

        **Plaintiff,**

**vs.**

**PARTS DISTRIBUTION XPRESS, INC.,**
**PDX NORTH, INC. and PDX SOUTH,**
**INC. and PDX WEST, LLC.**

        **Defendants.**

**CASE NO.:**

_____ /

## NATIONWIDE CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiff, TIFFANY ADAMS (hereinafter as "Plaintiff"), on behalf of herself and those similarly situated (hereinafter collectively referred to as, "Plaintiffs" or "Putative Class Members") brings this action for unpaid overtime compensation, minimum wages, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. § 333.104 ("PMWA"), against the Defendants, PARTS DISTRIBUTION XPRESS, INC., ("PDX"), PDX NORTH, INC. ("PDX NORTH"), PDX SOUTH, INC. (PDX SOUTH) and PDX WEST, LLC ("PDX WEST") (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. §§ 206(s) and 207(a) and pursuant to the PMWA.

2.    The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor

conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.      Section 6(a) of the FLSA requires payment of at least the statutory minimum wage for all hours worked per workweek. 29 U.S.C. § 206(a).

4.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

5.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

6.      To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this Complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

7.      Defendants have violated and continue to violate the FLSA and PMWA by misclassifying their Drivers/Couriers as "independent contractors" and refusing to pay them FLSA-mandated minimum wages and overtime premiums as a result.

8.      Misclassification of employees as independent contractors deprives employees of access to "critical benefits and protections they are entitled to by law, such as minimum wage,

overtime compensation, family and medical leave, unemployment insurance, and safe workplaces." *See* http://www.dol.gov/whd/workers/misclassification/.

9.     "Employee misclassification generates substantial losses to the federal government and state governments in the form of lower tax revenues, as well as to state unemployment insurance and workers' compensation funds." *Id.*

10.    The Defendants in this case violated the FLSA by failing to pay Plaintiff and other similarly-situated "Drivers/Couriers" (hereinafter as "Drivers") the statutory minimum wage per week and/or time and one-half compensation for all of their hours worked over forty (40) each week.

11.    This action is intended to include each and every Driver classified by Defendants as an "independent contractor" who performed services for Defendants at any time within the past three (3) years.

12.    Each of these similarly situated Drivers is paid under a uniform system and misclassified as an independent contractor.

13.    As a result of this pay practice, these misclassified Drivers have not been paid any overtime wages whatsoever for their overtime hours worked and/or proper minimum wages during one or more workweeks in the last three (3) years.

## JURISDICTION AND VENUE

14.    Defendant, PDX, is a Pennsylvania Corporation with its corporate headquarters located at 1019 4th Avenue Lester, Pennsylvania and with a mailing address of P.O. Box 329 Essington, Pennsylvania.    As such, it is within the jurisdiction of this Court. *See* http://pdxdelivers.com/about.php.

15.    Defendant, PDX NORTH, is a Pennsylvania Corporation with the registered address

of P.O. Box 329 Essington, Pennsylvania.

 16. Defendant, PDX SOUTH, is a Pennsylvania Corporation with a registered address of 1019 4th Avenue, Lester, Pennsylvania.

 17. Defendant, PDX WEST, is a Pennsylvania Corporation with a registered address of 1019 4th Avenue, Lester, Pennsylvania.

 18. This action is brought under the FLSA to recover overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every "delivery driver / courier" who contracted with Defendants as an independent contractor, who drove a vehicle with a gross vehicle weight rating of 10,000 pounds or less, and who worked for PDX at any time within the past three (3) years.

 19. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

 20. This Court has supplemental jurisdiction over Plaintiffs' PMWA claim pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' PMWA claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as the FLSA overtime claim.

## COVERAGE

 21. At all material times hereto, Defendants were, and continue to be, enterprises covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

 22. At all material times hereto, Defendants were, and continue to be "employers" as defined by 29 U.S.C. § 203(d).

 23. Based upon information and belief, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

24.     At all material times hereto (last three years), Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two (2) or more employees:

    a.   Engaged in commerce; or

    b.   Engaged in the production of goods for commerce; or

    c.   Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. vehicles, automotive parts and automotive supplies).

25.     Therefore, Defendants are enterprises covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

26.     Defendants perform related activities, through a unified operation or common control, and for a common business purpose.

27.     Defendants each provide delivery/courier services to its customers in order to replace and supplement their customers' use of in-house drivers. *See* http://pdxdelivers.com/about.ph.

28.     Specifically, Defendants hire "Independent Contractors" as delivery drivers/couriers to deliver automotive parts and supplies, manufactured in various states and countries, to Defendants' customers. Defendants' customers include various businesses in the automotive industry throughout the east coast of the United States. *See* Defendant's website at http://www.pdxdelivers.com/.

29.     Defendants share corporate officers.

30.     Defendants share a common corporate headquarters.

31.     Defendants share a common business purpose.

32.     Defendants utilize the same vendors.

33.     Defendants share a single website.

34.     Together Defendants control and supervise their employees and/or independent contractors and also have the power to determine their rates of pay and to hire/contract/fire them.

35.     At all times relevant to this action, Defendants failed to comply with the FLSA and PMWA by misclassifying Plaintiff and the other drivers who "contracted" with Defendants as "independent contractors" ("Putative Class Members" as defined above) and by failing to pay overtime compensation and proper minimum wages to Plaintiff and Putative Class Members.

36.     During the last three years or more, Defendants have operated an interstate delivery/courier service throughout the United States.

37.     To service Defendants' clients, Defendants contract directly with thousands of Drivers who utilize their own small vehicles (a gross vehicle weight rating of 10,000 pounds or less) to provide the transportation and distribution services.

38.     Plaintiff, TIFFANY ADAMS worked for Defendants as a "driver" classified as an independent contractor at all times from on or around June of 2018 to July 28, 2019.

39.     Defendants' Drivers, including Plaintiff, transport/deliver automotive parts and supplies which are manufactured in various states and countries.

40.     Defendants require each driver to sign independent contractor/broker agreements before he or she can provide delivery driver services.

41.     Each Class Member had to execute an Independent Contractor/Broker Agreement to work for Defendants.

42.     These agreements labeled Plaintiff and Putative Class Members as an "independent

contractor."

43.    However, the economic reality is that Plaintiff and Putative Class Members are/were economically dependent upon Defendants.

44.    Defendants controlled Plaintiff's and the Putative Class Members' job duties and pay.

45.    Defendants instructed Plaintiff and the Putative Class Members with respect to which customers to service.

46.    Defendants dictated what the customer pay rates would be for Plaintiff's and Putative Class Members' routes.

47.    Defendants assigned the routes to Plaintiff and Putative Class Members.

48.    Plaintiff and Putative Class Members could not leave these routes without Defendants' express permission.

49.    Defendants would direct Plaintiff and Putative Class Members to pick up and drop off deliveries to Defendants' customers.

50.    Defendants required Plaintiff and Putative Class Members to "log in" from their phones when they arrive at the store location each morning.

51.    Defendants required Plaintiff and Putative Class Members to "log out" from their phones at the end of each day.

52.    Defendants maintained exclusive control over the compensation received by Plaintiff and Putative Class Members.

53.    Defendants dictated the order and time in which Plaintiff and Putative Class Members were required to make their delivers.

54.    Defendants controlled the method and manner of Plaintiff's and Putative Class

Members' work.

55.     However, Defendants did not pay Plaintiff or Putative Class Members any additional overtime compensation for overtime hours worked.

56.     Defendants also failed to pay Plaintiff or Putative Class Members proper minimum wage compensation during one or more workweeks.

57.     Plaintiff and Putative Class Members routinely worked overtime hours without receiving overtime compensation.

58.     Defendants only paid Plaintiff and Putative Class Members their regular rate of pay for all hours worked.

59.     Defendants maintained exclusive control over fees charged to Plaintiff and Putative Class Members for Occupational Accident Insurance Protection insurance as mandated by Defendants.

60.     Plaintiff and Putative Class Members had no meaningful opportunity to choose the customers or routes they were assigned, or to bid or negotiate for certain jobs.

61.     Plaintiff and Putative Class Members could not reject servicing certain customers in their assigned routes.

62.     Plaintiff and Putative Class Members could not negotiate higher or lower rates with Defendants' customers.

63.     Defendants' customers paid Defendants directly for deliveries.

64.     Defendants' customers do not regularly give payment to Plaintiff or Putative Class Members.

65.     Defendants required Plaintiff and Putative Class Members to wear a uniform with PDX's (or its subsidiaries') name on it.

66.     Defendants monitored Plaintiff and Putative Class Members with GPS monitoring on the shipments/deliveries.

67.     Defendants required Plaintiff and Putative Class Members to log-in and log-out each day from a phone application called "Extra Driver."

68.     Defendants employ other employees whose primary job duties are to manage and supervise Defendants' Drivers on behalf of Defendants.

69.     The transportation and delivery job duties performed by Plaintiff and Putative Class Members did not require advanced training or a special skill.

70.     Plaintiff exclusively and permanently worked for Defendants and was not a temporary worker with Defendants.

71.     Plaintiff worked with other Putative Class Members who had worked similar (if not longer) lengths of employment as herself.

72.     Plaintiff and Putative Class Members were/are an integral part of Defendants' business because, without these workers, Defendants' customers would not be served, and Defendants would not generate income.

73.     Defendants do not get paid by their customers unless Plaintiff and Putative Class Members complete the transportation and delivery service.

74.     Plaintiff and Putative Class Members were employees of Defendants as defined by the FLSA and PMWA and are entitled to complete overtime compensation for the overtime hours worked by them and proper minimum wages per week.

75.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the deliveries made and amounts paid to Plaintiff and Putative Class Members are in the possession and custody of Defendants.

76.    Defendants failed to keep appropriate records under the FLSA related to the total number of hours worked by Plaintiff and the class in violation of 29 C.F.R. § 516.20.

## CLASS/COLLECTIVE ALLEGATIONS

77.    Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on Putative Class Members.

78.    Numerous individuals were subject to the patterns, practices, and policies described herein, which violate the FLSA and the PMWA.

79.    Numerous other individuals who worked with Plaintiff were improperly classified as independent contractors, paid in the same manner, performed similar work as described above, and were not properly compensated for all hours worked as required by state and federal wage laws.

80.    Based on her personal observations during her time working for Defendants, Plaintiff is aware that the illegal practices described herein were applied to other Putative Class Members.

81.    Plaintiff and Putative Class Members were all improperly classified as independent contractors and not paid proper minimum wages and/or overtime compensation because they were paid only a predetermined dollar amount per route as agreed upon by Defendants and Defendants' customers with no overtime premiums, and this practice was uniform to all Putative Class Members.

82.    Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA and PMWA are the product of generally applicable, systematic policies, and practices which are not dependent on the circumstances of each individual employee.

83.    Because she was subject to common policies and practices while performing

similar work, Plaintiff's experiences, and the violations to which she was subject are typical of those experienced by Putative Class Members.

84.     The specific job titles or precise job locations of Putative Class Members do not prevent class or collective treatment, because they performed similar work and were subject to the same unlawful practices and policies.

85.     Plaintiff has no interests contrary to, or in conflict with, the Putative Class Members she seeks to represent. Rather, Plaintiff has an interest in obtaining all monies owed under the FLSA and PMWA.

86.     A class and collective action, such as the instant one, is superior to other available means to achieve efficient and fair resolution of this action.

87.     Absent this litigation, those Plaintiff seeks to represent likely will not obtain any remedy for their injuries, and Defendants will receive improper benefit, even though they have engaged in systematic and egregious violation of the FLSA and PMWA.

88.     Furthermore, even in the event that other Drivers sought to litigate this matter, such duplicative litigation would be inefficient, and would pose an undue burden to the already strained resources of this Court.

89.     Litigating this matter as a class action promotes judicial economy.

90.     The prosecution of separate claims or defenses by or against individual members of the class would create a risk of adjudications concerning individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the class who are not parties to the adjudications to protect their interests.

91.     Litigating this matter as a class action is superior to other available methods for

fairly and efficiently adjudicating the issues in this case.

92.     Questions of law and fact common to those Plaintiff seeks to represent predominate over any questions affecting only particular individuals. Such common questions of law and fact include, but are not limited to:

      a.  Whether Defendants employed Plaintiff and Putative Class Members within the meaning of the FLSA and the PMWA;

      b.  Whether Plaintiff and Putative Class Members were improperly misclassified as independent contractors;

      c.  Whether Plaintiff and Putative Class Members were improperly denied minimum wage compensation;

      d.  Whether Plaintiff and Putative Class Members were improperly denied overtime premiums for hours worked over forty;

      e.  Whether the classification of Plaintiff and Putative Class Members as independent contractors was in good faith; and

      f.  Whether the violation of the FLSA and the PMWA was willful;

93.     Plaintiff's claims are typical of the claims of those she seeks to represent. Plaintiff and the Putative Class Members she seeks to represent were uniformly damaged by Defendants' unlawful policies, which were equally applicable to Plaintiff and Putative Class Members.

94.     There are no litigation management issues which preclude or hinder the ability of this matter to proceed as a collective or class action

95.     While the amount of damages may vary to some degree between members of the class or collective, the facts establishing liability are common.  Moreover, calculations as to damages will be largely a matter of mathematical calculation once each class member's work

dates are known. Therefore, this issue does not affect the ability of this matter to proceed as a class or collective.

96.    The exact number of members of the class as above described is not known by Plaintiff, but is within the sole knowledge of Defendants.  Upon information and belief, the members of the class are so numerous as to make a Class Action appropriate.

97.    Upon information and belief, Plaintiff estimates that there are at least 200 class members who worked for Defendants within the last three years subject to the same violations.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

98.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-97 above.

99.    Plaintiff and Putative Class Members were/are entitled to be paid overtime compensation for her/their overtime hours worked.

100.    Plaintiff and the class routinely worked more than forty (40) hours per week to finish the jobs given to them by Defendants in many workweeks.

101.    Even though Plaintiff and Putative Class Members routinely worked overtime hours, they were not paid any additional overtime compensation.

102.    During their employment with Defendants, Plaintiff and Putative Class Members were misclassified as independent contractors and were not paid overtime compensation for overtime hours worked by them. *See supra.*

103.    Defendants did not have a good faith basis for their decision to classify Plaintiff and Putative Class Members as independent contractors.

104.    Defendants did not have a good faith basis for their decision to Plaintiff and Putative Class Members from their overtime compensation.

105.    Defendants have shown reckless disregard in their repeated non-compliance with the FLSA in misclassifying its drivers as independent contractors and failing to pay them proper overtime pay.

106.    As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and Putative Class Members complete overtime compensation, Plaintiff and Putative Class Members have suffered damages plus incurring reasonable attorneys' fees and costs.

107.    As a result of Defendants' willful or reckless violation of the FLSA, Plaintiff and Putative Class Members are entitled to liquidated damages.

108.    Plaintiff, for herself and on behalf of the Putative Class Members she seeks to represent, also seeks to recover attorneys' fees, costs, and expenses of this action under the FLSA.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION UNDER THE PMWA

109.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-97 above.

110.    Plaintiff brings this claim as a Rule 23 class action pursuant to the PMWA.

111.    At all times relevant hereto, Plaintiff and the Putative Class Members were "employees" within the meaning of the PMWA.

112.    The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

113.    At all relevant times, Defendants were subject to the requirements of the PMWA.

114.    The PMWA requires that employees be paid at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and the Putative Class Members are entitled to overtime pay under the PMWA.

115.    Defendants had a policy and practice of misclassifying Plaintiff and the Putative

Class Members as independent contractors and failing to pay these workers applicable overtime premiums.

116.    Plaintiff, for herself and on behalf of the Putative Class Members she seeks to represent, seeks unpaid overtime in amount equal to one and one half times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalties, and any such other legal and equitable relief as the Court deems just and proper.

117.    Plaintiff, for herself and on behalf of the Putative Class Members she seeks to represent, also seeks to recover attorneys' fees, costs, and expenses of this action under the PMWA.

### COUNT III - RECOVERY OF MINIMUM WAGES (FLSA)

118.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-97 above.

119.    Plaintiff and the Putative Class Members is/are entitled to be paid the proper statutory minimum wage for each hour worked per workweek.

120.    Plaintiff and the Putative Class Members is/are entitled to receive the full statutory State minimum wage rate(s) for all hours worked per workweek during their employment with Defendants. *See* 29 U.S.C. §218(a); 29 C.F.R. §541.4 and 29 C.F.R. §778.5.

121.    Defendants paid Plaintiff and the Putative Class Members a predetermined dollar amount per route as agreed upon by Defendants and Defendants' customers regardless of the number of hours worked by Plaintiff and the class.

122.    As a result, upon information and belief, due to Defendants' policy of misclassification, Plaintiff and Putative Class Members did not earn at least the statutory minimum

wage for all hours worked per week during one or more workweeks contrary to 29 U.S.C. §206 of the FLSA.

123.    To the extent Defendants' scheme of misclassification resulted in the failure to pay minimum wages, such violation was willful, as Defendants knew or reasonably should have known that the misclassification of Plaintiff and Putative Class Members as independent contractors was unlawful, and knew or reasonably should have known that their pay policies were likely to and/or did result in failure to pay applicable minimum wages.  As such, Plaintiff asserts that Defendants willfully failed to pay minimum wage compensation for these hours contrary to 29 U.S.C. §206.

124.    As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff and the Putative Class Members has/have been damaged in the loss of minimum wages.

125.    As a result of Defendants' willful violation of the FLSA, Plaintiff and the Putative Class Members are entitled to liquidated damages and reasonable attorney's fees and costs.

### COUNT IV - RECOVERY OF MINIMUM WAGES UNDER THE PMWA

126.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-97 above.

127.    Plaintiff brings this claim as a Rule 23 class action pursuant to the PMWA.

128.    At all times relevant hereto, Plaintiff and Putative Class Members were "employees" within the meaning of the PMWA.

129.    At all relevant times, Defendants were subject to the requirements of the PMWA.

130.    The PMWA requires that employees be paid the proper statutory minimum wage for each hour worked per workweek.

131.    Defendants had a policy and practice of misclassifying Plaintiff and Putative Class Members as independent contractors.

132.    Upon information and belief, Defendants' policy of misclassification resulted in Defendants' failure to pay Plaintiff and Putative Class Members applicable minimum wages in violation of the PMWA (43 Pa. Stat. Ann. § 333.104).

133.    Plaintiff, for herself and on behalf of the Putative Class Members she seeks to represent, seeks unpaid minimum wages, prejudgment interest, all available penalties, and any such other legal and equitable relief as the Court deems just and proper.

134.    Plaintiff, for herself and on behalf of the Putative Class Members she seeks to represent, also seeks to recover attorneys' fees, costs, and expenses of this action under the PMWA.

WHEREFORE, Plaintiff, and those similarly situated Drivers, demand judgment against Defendants for:

a.    Designation of this action as a collective action on behalf of the Plaintiff and the Putative Class Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b);

b.    designating a class under the PMWA pursuant to Fed. R. Civ. P. 23;

c.    appointing Plaintiff as the Lead Plaintiff and her counsel as Class Counsel to represent the interests of the both the FLSA and PMWA class/collective actions;

d.    The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate her/them;

e.    The payment of minimum wages in the amount due to her/them for hours worked during each workweek;

f.    Liquidated damages and/or pre- and post-judgment interest as provided by law;

g.    Reasonable attorneys' fees and costs incurred in this action;

h.    Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 2/5/20

Respectfully submitted,

Angeli Murthy, Esq.
PA Bar No.: 93699
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone:     (954) WORKERS
Facsimile:     (954) 327-3013
amurthy@forthepeople.com

Kimberly De Arcangelis, Esq.
FL Bar No.: 25871
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:     (407) 420-1414
Facsimile:     (407) 245-3383
Email: kimd@forthepeople.com
*Pro Hac Vice Forthcoming*

Andrew R. Frisch, Esq.
FL Bar No. 27777
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone:     (954) WORKERS
Facsimile:     (954) 327-3013
Email: afrisch@forthepeople.com
*Pro Hac Vice Forthcoming*

JS 44 (Rev 09/19)

MANIAK

**CIVIL COVER SHEET**

20-CV-697

20    6971

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br>TIFFANY ADAMS, on behalf of herself and those similarly situated, | **DEFENDANTS**<br>PARTS DISTRIBUTION XPRESS, INC., PDX NORTH, INC and PDX SOUTH, INC and PDX WEST, LLC |
| **(b)** County of Residence of First Listed Plaintiff    Broward<br>*(EXCEPT IN U S PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Delaware<br>*(IN U S PLAINTIFF CASES ONLY)*<br>NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED |
| **(c)** Attorneys *(Firm Name, Address and Telephone Number)*<br>Angeli Murthy, Esq  Morgan& Morgan, P.A., 8151 Peters Road, Suite 4000, Plantation, FL 33324, (954)318-0268 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ❑ 1  U S Government Plaintiff
- ☒ 3  Federal Question *(U S Government Not a Party)*
- ❑ 2  U S Government Defendant
- ❑ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                            Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance<br>❑ 120 Marine<br>❑ 130 Miller Act<br>❑ 140 Negotiable Instrument<br>❑ 150 Recovery of Overpayment & Enforcement of Judgment<br>❑ 151 Medicare Act<br>❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❑ 153 Recovery of Overpayment of Veteran's Benefits<br>❑ 160 Stockholders' Suits<br>❑ 190 Other Contract<br>❑ 195 Contract Product Liability<br>❑ 196 Franchise | **PERSONAL INJURY**<br>❑ 310 Airplane<br>❑ 315 Airplane Product Liability<br>❑ 320 Assault, Libel & Slander<br>❑ 330 Federal Employers' Liability<br>❑ 340 Marine<br>❑ 345 Marine Product Liability<br>❑ 350 Motor Vehicle<br>❑ 355 Motor Vehicle Product Liability<br>❑ 360 Other Personal Injury<br>❑ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❑ 365 Personal Injury - Product Liability<br>❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❑ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❑ 370 Other Fraud<br>❑ 371 Truth in Lending<br>❑ 380 Other Personal Property Damage<br>❑ 385 Property Damage Product Liability | ❑ 625 Drug Related Seizure of Property 21 USC 881<br>❑ 690 Other<br><br>**LABOR**<br>☒ 710 Fair Labor Standards Act<br>❑ 720 Labor/Management Relations<br>❑ 740 Railway Labor Act<br>❑ 751 Family and Medical Leave Act<br>❑ 790 Other Labor Litigation<br>❑ 791 Employee Retirement Income Security Act | ❑ 422 Appeal 28 USC 158<br>❑ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❑ 820 Copyrights<br>❑ 830 Patent<br>❑ 835 Patent - Abbreviated New Drug Application<br>❑ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❑ 861 HIA (1395ff)<br>❑ 862 Black Lung (923)<br>❑ 863 DIWC/DIWW (405(g))<br>❑ 864 SSID Title XVI<br>❑ 865 RSI (405(g)) | ❑ 375 False Claims Act<br>❑ 376 Qui Tam (31 USC 3729(a))<br>❑ 400 State Reapportionment<br>❑ 410 Antitrust<br>❑ 430 Banks and Banking<br>❑ 450 Commerce<br>❑ 460 Deportation<br>❑ 470 Racketeer Influenced and Corrupt Organizations<br>❑ 480 Consumer Credit (15 USC 1681 or 1692)<br>❑ 485 Telephone Consumer Protection Act<br>❑ 490 Cable/Sat TV<br>❑ 850 Securities/Commodities/ Exchange<br>❑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❑ 891 Agricultural Acts |
| ❑ 210 Land Condemnation<br>❑ 220 Foreclosure<br>❑ 230 Rent Lease & Ejectment<br>❑ 240 Torts to Land<br>❑ 245 Tort Product Liability<br>❑ 290 All Other Real Property | ❑ 440 Other Civil Rights<br>❑ 441 Voting<br>❑ 442 Employment<br>❑ 443 Housing/ Accommodations<br>❑ 445 Amer w/Disabilities - Employment<br>❑ 446 Amer w/Disabilities - Other<br>❑ 448 Education | **Habeas Corpus:**<br>❑ 463 Alien Detainee<br>❑ 510 Motions to Vacate Sentence<br>❑ 530 General<br>❑ 535 Death Penalty<br>**Other:**<br>❑ 540 Mandamus & Other<br>❑ 550 Civil Rights<br>❑ 555 Prison Condition<br>❑ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>❑ 462 Naturalization Application<br>❑ 465 Other Immigration Actions | ❑ 870 Taxes (U S Plaintiff or Defendant)<br>❑ 871 IRS - Third Party 26 USC 7609 | ❑ 893 Environmental Matters<br>❑ 895 Freedom of Information Act<br>❑ 896 Arbitration<br>❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❑ 950 Constitutionality of State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from Another District *(specify)*
- ❑ 6 Multidistrict Litigation - Transfer
- ❑ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
29 U S C §216(b),

Brief description of cause
FLSA

**VII. REQUESTED IN COMPLAINT:**

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint

JURY DEMAND   ☒ Yes   ❑ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions)*

JUDGE   N/A                         DOCKET NUMBER

DATE  2/5/20

SIGNATURE OF ATTORNEY OF RECORD

FEB -6 2020

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**20    697**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____2316 Monroe St Apt 2, Hollywood, FL 33020_____

Address of Defendant: __Parts Distribution Xpress, Inc., CT Corporation System, 1209 N. Orange Street, Wilmington, DE 19801__

Place of Accident, Incident or Transaction _____

---

**RELATED CASE, IF ANY:**

Case Number ____ _____ ____ ____ ____   Judge _____ ____   Date Terminated ____ __ ____ __ _

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE _2/5/20_____ ____ __   _Attorney-at-Law / Pro Se Plaintiff_   93699
   _Attorney I D # (if applicable)_

---

**CIVIL:** (Place a √ in one category only)

**A.    Federal Question Cases:**

☐ 1   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2   FELA
☐ 3   Jones Act-Personal Injury
☐ 4   Antitrust
☐ 5   Patent
☐ 6   Labor-Management Relations
☐ 7   Civil Rights
☑ 8   Habeas Corpus
☐ 9   Securities Act(s) Cases
☐ 10  Social Security Review Cases
☑ 11  All other Federal Question Cases
       *(Please specify)* _____ **FLSA** _____

**B.    Diversity Jurisdiction Cases:**

☐ 1   Insurance Contract and Other Contracts
☐ 2   Airplane Personal Injury
☐ 3   Assault, Defamation
☐ 4   Marine Personal Injury
☐ 5   Motor Vehicle Personal Injury
☐ 6   Other Personal Injury *(Please specify)* _____
☐ 7   Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9   All other Diversity Cases
       *(Please specify)* _ __ _____ __ ____ _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _Angeli Murthy_____, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

FEB - 6 2020

DATE _2/5/20_____ ____ __   _Signature if applicable_ / _Attorney-at-Law / Pro Se Plaintiff_   93699
   _Attorney I D # (if applicable)_

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

*Civ 609 (5/2018)*



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TIFFANY ADAMS, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| PARTS DISTRIBUTION EXPRESS, | : | **20    697** |
| INC., PDX NORTH, INC., PDX SOUTH, | : | |
| INC. and PDX WEST, LLC | : | NO. |

I accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the even that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Case brought under 28 U.S.C. § 2241 through § 2255.                    (   )

(b)  Social Security - Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                    (   )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 52.3 (   )

(d)  Asbestos – Case involving claims for personal injury or property damage from
    Exposure to asbestos.                                                          (   )

(e)  Special Management – Case that do not fall into tracks (a) through (d) that are
    Commonly referred to as complex and that need special or intense management by the
    Court.  (See reverse side of this form for a detailed explanation of special
    Management cases.)                                                             (   )

(f)  Standard Management – Cases that do not fall into any of the other tracks        ( **X** )

| | | |
|---|---|---|
| 2/5/20 | Angeli Murthy | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| (954) 318-0268 | (954) 327-3016 | amurthy@forthepeople.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

FEB -6 2020