# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TIFFANY ADAMS, on behalf of herself and all others similarly situated,<br><br>         Plaintiff<br><br> v.<br><br>PARTS DISTRIBUTION XPRESS, INC., et al.<br><br>         Defendants. | Case No.: No. 2:20-cv-00697-JMG |

**COMBINED MEMORANDUM OF LAW OF DEFENDANTS**
**PARTS DISTRIBUTION XPRESS, INC., PDX NORTH, INC.,**
**PDX SOUTH, INC. & PDX WEST, LLC IN SUPPORT OF**
**THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## I. INTRODUCTION[1]

Plaintiff Tiffany Adams' ("Plaintiff" or "Adams") efforts to avoid the arbitration agreement that she willingly entered into are based upon incorrect conclusions of law and blatant attempts to amend her factually deficient complaint by relying solely upon new declarations and documents neither referenced in, nor appended to, her Amended Complaint.[2] Plaintiff's blatant attempt to supplement her deficient pleading should not be considered by the Court and should be viewed for what it is: an admission that her Amended Complaint is legally deficient. The Court should compel arbitration because Plaintiff has failed to plead that she is engaged in interstate commerce, as is required for exclusion under Section 1 of the FAA.[3] However, even if this Court

---

[1] Pursuant to the Court's Policies and Procedures, Defendants have sought to only address herein those portions of Plaintiff's arguments not previously addressed in Defendants' opening brief. Defendants' failure to address any of Plaintiff's arguments herein should not be construed as an agreement with Plaintiff's position or waiver of Defendants' argument.

[2] Plaintiff's opposition brief purports to cite and rely upon Exhibits A through G. Only Exhibits A and B were filed. Neither of these are the declarations Plaintiff attempts to use to supplement her Amended Complaint.

[3] Capitalized terms used herein have the same meaning as ascribed in Defendants' opening brief.

finds that Plaintiff is excluded from the FAA, arbitration should still be compelled under state law as contemplated by the Parties' Agreement.

## II. LEGAL ARGUMENT

### A. Arbitration Should be Compelled Under the FAA Because Plaintiff has Failed to Allege that She Engaged in Interstate Commerce.[4]

Plaintiff's Amended Complaint is deficient in that it fails to allege that she engaged in interstate commerce. In an implicit admission that the allegations contained in her complaint are deficient, Plaintiff inappropriately attempts to supplement her Amended Complaint with her brief in opposition to Defendants' motion to dismiss and declarations referenced therein. Because Plaintiff fails to sufficiently allege in her Amended Complaint that she engaged in interstate commerce, Plaintiff's Amended Complaint should be dismissed and Plaintiff should be compelled to arbitrate her claims.

#### 1. Plaintiff Cannot Supplement Her Deficient Pleading in Opposition to Defendants' Motion to Dismiss.

Plaintiff improperly attempts to supplement her deficient Amended Complaint by, through her brief, asserting factual allegations and arguments regarding "Plaintiffs' testimony." *See*, *e.g.*, ECF No. 23-1 at pp. 3-5. Such attempts to supplement her pleadings are not only improper, but further underscore the deficiency of her Amended Complaint.

The Third Circuit has unequivocally explained that "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.), *cert. denied*, 470 U.S. 1054 (1984)); *see also*, *In re*

---

[4] Plaintiff mischaracterizes Defendants' arguments. At no point have Defendants argued that Plaintiff is not a transportation worker. Rather, Plaintiff has, quite simply, failed to allege that *she* is engaged in interstate commerce as is required to render her excluded from the purview of the FAA. *See* 9 U.S.C. § 1.

*Sanofi-Aventis Sec. Litig.*, 774 F. Supp. 2d 549, 562 (S.D.N.Y. 2011) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."); *Mink v. Univ. of Chicago*, 460 F. Supp. 713, 719 n.8 (N.D. Ill. 1978) (noting it is inappropriate to consider affidavits submitted by plaintiff in opposition to a motion to dismiss for failure to state a claim). A declaration filed in opposition to a pending motion to dismiss is clearly a matter outside the pleading, requiring either exclusion or conversion of the motion to a motion for summary judgment. *See Rose v. Bartle*, 871 F.2d 331, 340 n.3 (3d Cir. 1989); *see also* Fed. R. Civ. P. 12(d).

In *Steinagel v. Valley Oral Surgery*, No. 12-cv-05645, 2013 WL 5429269, at *5 (E.D. Pa. Sept. 30, 2013) (Gardner, J.), the court addressed circumstances similar to those presented here. In that case, the court explained that shortly after the defendants filed a motion to dismiss, the plaintiff signed a sworn declaration in support of her claims. *Id.* Noting that the declaration was not a matter of public record, not an exhibit to the amended complaint, and not expressly referred to in the amended complaint, the court explained that "Plaintiff's Declaration is an attempt to provide supplemental factual averments in support of plaintiff's age discrimination claim in response to the Motion to Dismiss/Strike." *Id.* Thus, the court excluded the declaration from consideration in determining the sufficiency of the plaintiff's pleadings. *Id.*

Likewise, here, Plaintiff attempts to use her brief and referenced, but not filed, declarations to provide supplemental facts not contained in the Amended Complaint in support of her contention that she provides transportation services in interstate commerce. In fact, the entire "Relevant Facts" portion of Plaintiff's opposition brief is devoid of citation to Plaintiff's Amended Complaint. *See* ECF No. 23 at pp. 3-5. Instead, Plaintiff relies upon websites and declarations to inject new factual allegations into the record in an attempt to stave off dismissal. According to

Plaintiff, this newly identified "evidence," and not the allegations in her Amended Complaint, shows that she transported goods in the flow of interstate commerce. *See id.* at p. 7.

Plaintiff's attempts to supplement her Amended Complaint by making factual assertions in her brief and filing declarations are prohibited. *See Hart v. Elec. Arts, Inc.*, 740 F. Supp. 2d 658, 663 (D.N.J. 2010) ("[A] party may not amend his pleadings by making factual assertions in a brief. Nor may he amend his complaint through a declaration or certification.") (citing *Penn ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988); *Cardiology Consultants of North Morris v. UFCW Local,* No. 06-5557, 2007 WL 4570160, *3 n. 5 (D.N.J. Dec. 21, 2007)). Dismissal is appropriate where, as here, the deficiencies in the Plaintiff's complaint were pointed out in a motion to dismiss, but the Plaintiff failed to remedy them in a pleading. *McArdle v. Tronetti*, 961 F.2d 1083, 1089 (3d Cir. 1992). A plaintiff cannot remedy the deficiency by declaration. *See id.*

### 2. The Allegations Contained in Plaintiff's Complaint are Conclusory and Deficient.

Turning to the limited allegations actually contained in Plaintiff's Amended Complaint, at most, the Amended Complaint alleges only that Defendants operate nationwide and therefore engage in interstate commerce. *See* Am. Compl. ¶¶ 31, 43. This is insufficient to save Plaintiff's Amended Complaint. To survive a motion to dismiss under Rule 12(b)(6), the allegations actually contained in the complaint must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rather, the plaintiff must allege ***factual assertions*** showing her entitlement to relief. *Id.* This is precisely what Plaintiff has failed to do here.

Plaintiff's Amended Complaint is devoid of necessary factual assertions. Plaintiff's allegation that "Defendants have operated an interstate delivery/courier service throughout the

4

United States," is plainly conclusory and not entitled to consideration when resolving a 12(b)(6) motion, *see Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("a court need cot credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss") (citing *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Further, the allegation makes only a statement about the general scope of Defendants' operations – it says nothing about Plaintiff's specific role. Plaintiff, however, must sufficiently establish that she falls within the ambit of Section 1 to be excluded from the purview of the FAA.

The scope of Section 1 of the FAA is well settled, applying only to "those workers 'actually engaged in the movement of goods in interstate commerce.'" *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 112, 115 (2001); *see*, *also*, *Singh v. Uber Techs. Inc.,* 939 F.3d 210, 220 (3d Cir. 2019) ("only includes those other classes of workers 'who are actually engaged in the movement of interstate or foreign commerce or in work so closely related thereto as to be in practical effect part of it.'"); *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1471 (D.C. Cir. 1997) ("[S]ection 1 of the FAA exempts only the employment contracts of workers actually engaged in the movement of goods in interstate commerce"); *Tenney Eng'g, Inc. v. United Elec. Radio & Mach. Workers of Am., (U.E.) Local 437*, 207 F.2d 450, 452 (3d Cir. 1953) (stating that Section 1 excludes "only those other classes of workers who are actually engaged in the movement of interstate or foreign commerce or in work so closely related thereto as to be in practical effect part of it").

In *Palko v. Airborne Express, Inc.*, 372 F.3d 588, 593 (3d Cir. 2004), the court found that the plaintiff was a transportation worker engaged in interstate commerce only after it had been provided with facts as to the precise job duties that the plaintiff performed. In that case, the plaintiff supervised drivers who picked up packages from the airport and drove them to their final destination.

In stark contrast to *Palcko*, here, Plaintiff has failed to allege any facts showing that she engaged in the movement of goods in interstate commerce, despite having the benefit of Defendants' motion to dismiss Plaintiff's initial complaint identifying this precise deficiency. *See* ECF No. 13-1 at pp. 10-11. Instead, Plaintiff implicitly admits that the facts necessary to allege that she acted in interstate commerce are ***not*** in the Amended Complaint, relying instead upon "Plaintiffs' testimony." *See* ECF No. 23 at p. 5. Even in Plaintiff's argument in her opposition brief, Plaintiff fails to point to any facts in the Amended Complaint tending to show, as she must, that she is a transportation worker actually engaged in interstate commerce. Plaintiff only claims, in conclusory fashion, that "Plaintiffs here are undoubtedly a class of workers within the transportation worker exemption." *See* ECF No. 23 at p. 12. Plaintiff's Amended Complaint, however, is devoid of factual allegations regarding the scope and duty of Plaintiff's job or what goods are transported. *See* Am. Compl. ¶¶ 9, 29-31, 43-44. Instead, Plaintiff provides only information as to the general services that Defendants provide, names her putative class as "Drivers" and concludes that Defendants operate in interstate commerce. Thus, Plaintiff has failed to plead that she is engaged in interstate commerce such that the Court could find her excluded under Section 1 of the FAA.

    **B.    Alternatively, Arbitration Should be Compelled under Pennsylvania State Law.**

Even if Plaintiff is excluded from the FAA under Section 1, which Defendants dispute, Plaintiff's underlying premise in opposition to Defendants' Motion to Dismiss, that because the FAA does not apply the Arbitration Agreement is wholly invalid, is incorrect. *See Palcko*, 372 F.3d at 595-96. The Third Circuit has determined that where a plaintiff is excluded from the purview of the FAA, state law applies. *See Id.* at 596.

Exclusion under Section 1 merely means that the court is to act as if the FAA did not exist. *Id.* (quoting *Mason-Dixon Lines, Inc. v. Local Union No. 560*, 443 F.2d 807, 809 (3d Cir. 1971)). The *Palcko* court explained that the purpose of the FAA "to ensure judicial enforcement of privately made agreements to arbitrate." *Id.* at 595 (quoting *Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985)). Thus, "[t]he FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Id.* (quoting *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 477 (1989)). The *Palcko* court found that a Plaintiff's exemption status under Section 1 of the FAA does not preempt the enforcement of the arbitration agreement under state law, noting in support that the agreement itself contemplated that the provision may not be enforceable. *Id.* at 596. Where a plaintiff is excluded under Section 1 of the FAA, there is "no reason to release the parties from their own agreement." *Id.*

In fact, one of the very cases that Plaintiff relies upon, *Rittmann v. Amazon.com, Inc.*, 383 F. Supp. 3d 1196, 1202 (W.D. Wash. 2019), directly undermines Plaintiff's position that the Arbitration Agreement is invalid if the FAA does not apply. In *Rittman*, the court explained that "Section 1 [of the FAA] does not, however, in any way address the enforceability of employment contracts exempt from the FAA. It simply excludes these contracts from FAA coverage entirely." *Id.* (quoting *Valdes v. Swift Transp. Co., Inc.*, 292 F. Supp. 2d 524, 529 (S.D.N.Y. 2003)). The *Rittman* court further explained: "When a contract with an arbitration provision falls beyond the reach of the FAA, courts look to state law to decide whether arbitration should be compelled nonetheless." *Id.* (quoting *Breazeale v. Victim Servs., Inc.*, 198 F. Supp. 3d 1070, 1079 (N.D. Cal. 2016)). The problem facing the defendant in that case however, which does not apply here, was that the parties had explicitly contracted that state law would not apply to the arbitration agreement.

7

*See id.* Specifically, the agreement at issue in *Rittman* included the following provision: "These Terms are governed by the law of the state of Washington without regard to its conflict of laws principles. However, the preceding sentence does not apply to [the Arbitration Provision], which is governed by the Federal Arbitration Act and applicable federal law." *Id.* at 1198 (alternation in original). No such language is contained in the agreement at issue here.

Instead, the Arbitration Agreement here contains a savings clause that specifically provides for the distinct possibility that a term of that agreement may be found invalid or unenforceable, but nevertheless, the balance of the Arbitration Agreement should continue to be enforced absent that invalid term. The Arbitration Agreement provides: "If any provision of this Agreement is held to be invalid or unenforceable, the remainder of this Agreement shall remain effective and/or may be modified by a Court." *See* Ex. 2 [ECF No. 16-3] at ¶ 3. Thus, the Arbitration Agreement contemplates that if the term stating that the FAA applies is found invalid, the Court is to simply "act as if the [FAA] never existed," and apply state law. *See Palcko*, 372 F.3d at 596.

In fact, like in *Palcko*, the application of Pennsylvania law is specifically contemplated by the contract between the parties. The Broker Agreement contains a choice of law provision explaining that "[t]his Agreement and all questions relating to its validity, interpretation, performance and enforcement (including, without limitation, provisions concerning limitations of actions), shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, notwithstanding any conflict-of-laws doctrines." Ex. 1 [ECF No. 16-2] at p. 10, ¶ 15(C). The Broker Agreement and the Arbitration Agreement constitute a single agreement for services between Plaintiff and PDX South.[5] The Arbitration Agreement is expressly incorporated

---

[5] As explained in Defendants' opening brief, Parts Distribution Xpress, Inc., PDX North, Inc., and PDX West, LLC are third-party beneficiaries of the Agreement. *See* ECF No. 16-1 at pp.

in the Broker Agreement. *See* Ex. 1 [ECF No. 16-2] at p. 10, ¶ 15(C); *Carver v. Glob. Sports, Inc.*, No. 00-139, 2000 WL 378072, at *3 (E.D. Pa. Mar. 28, 2000) (explaining that incorporation by reference is an "ordinary contractual principal" that where one writing refers to another document, it is interpreted as part of the writing). Thus, unlike in *Rittman*, no exclusionary provision is included in the governing law provision here. Instead, similar to *Palcko*, the Parties contemplated that Pennsylvania law applies.

Plaintiff's argument that the parole evidence rule precludes the Court from reading the Arbitration Agreement and Broker Agreement, which is specifically incorporated by reference, as a single contract as was contemplated by the Parties at signing, is unavailing and incorrect as a matter of law. *See Carver*, 2000 WL 378072, at *3. The parole evidence rule precludes consideration of extrinsic evidence, not as Plaintiff seems to argue, the multiple documents constituting a single agreement between the Parties. *See Kroblin Refrigerated Xpress, Inc. v. Pitterich*, 805 F.2d 96, 108 (3d Cir. 1986).

"Where several instruments are made as part of one transaction they will be read together, and each will be construed with reference to the other." *Neville v. Scott*, 182 Pa. Super. 448, 452 (1956)) (citations omitted). Here, the Arbitration Agreement is a specifically referenced and essential part of the Broker Agreement. It is a basic canon of contract interpretation that "that where two writings are executed at the same time and are intertwined by the same subject matter, they should be construed together and interpreted as a whole." *Kroblin Refrigerated Xpress*, 805 F.2d at 107 (citing *Von Lange v. Morrison-Knudsen Co.*, 460 F. Supp. 643, 647-48 (M.D. Pa. 1978), *aff'd mem.*, 609 F.2d 504 (3d Cir. 1979); *Shehadi v. Northeastern National Bank*, 474 Pa.

---

13-14. Plaintiff's Amended Complaint alleges that Defendants operate as a single enterprise. *See* Am. Compl. at ¶¶ 24-34, 44-74.

9

232, 236 (1977); *International Milling Co. v. Hachmeister, Inc.*, 380 Pa. 407, 417-18 (1955)). In arguing to the contrary, Plaintiff studiously ignores the contract in which the Arbitration Agreement appears. Contrary to Plaintiff's assertions, enforcing the Arbitration Agreement under state law does not require the Court to read a new term into the agreement. It is simply a default contemplated by the Broker Agreement (and Third Circuit precedent).

Likewise, Plaintiff's argument that the Court should ignore binding case law and normal canons of contract interpretation and "construe" the Arbitration Agreement against Defendants, finding it unenforceable because the FAA does not apply, is barred by the terms of the contract that Plaintiff signed. The Broker Agreement specifically provides that "[t]his Agreement shall be interpreted without the aid of any canon custom or rule of law requiring construction against the draftsman." *See* Ex. 1 [ECF No. 16-2] at p. 10, ¶ 15(C).

Thus, because the Arbitration Agreement allows for invalid provisions to be stricken, while maintaining enforceability of the balance of the agreement, even if this Court finds that Plaintiff is excluded under Section 1 of the FAA, arbitration should still be compelled under state law.

### III. CONCLUSION

For all the foregoing reasons, Defendants request that this Honorable Court grant their Motion to Dismiss Plaintiff's Amended Complaint, and dismiss this matter with prejudice.

**FOX ROTHSCHILD LLP**

By: */s/ Colin D. Dougherty*
      Colin D. Dougherty

Dated: June 22, 2020

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document.

                                            By:   */s/* Colin D. Dougherty
                                                       Colin D. Dougherty

Dated: June 22, 2020